IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL TERRELL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-218-WKW |
| | ) | [WO] |
| WAYNE ELLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the court is Plaintiff Michael Terrell Thomas's motion to appoint counsel.  (Doc. # 4.)  In his motion, Plaintiff states that he "would like the court[']s help with appointing [him] counsel."  He asserts that "a man" at the Lowndes County Jail has been helping with his paperwork and that he would like counsel appointed to further advise him in his case.  (*Id.*)

A plaintiff in a civil case has no constitutional right to counsel.  *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam)).  Generally, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole*, 819 F.2d at 1028).  Although Plaintiff has been granted leave to proceed *in forma*

*pauperis* (*see* Doc. # 5), and 28 U.S.C. § 1915(e)(1) says that "the court *may* request an attorney to represent any person unable to afford counsel" (emphasis added), the court has broad discretion in deciding whether appointment of counsel is appropriate.  *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (per curiam).

Upon review of the record, the issues raised in Plaintiff's complaint are not novel or unduly complex, and it appears that Plaintiff is able to articulate facts and grounds for relief without notable difficulty.  Moreover, Plaintiff has not made a showing of exceptional circumstances necessary to justify the appointment of counsel at this time.

Based on the foregoing, Plaintiff's motion to appoint counsel (Doc. # 4) is DENIED at this time.  The court will reconsider this issue at a later date if warranted by the circumstances of this case.

DONE this 14th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE