IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL TERRELL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-218-WKW |
| | ) | [WO] |
| WAYNE ELLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Michael Terrell Thomas, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint. (Doc. # 1.) After Plaintiff's application for leave to proceed *in forma pauperis* was granted (Doc. # 5) and his initial partial filing fee was paid (Doc. # 6), service was ordered on all Defendants (Doc. # 8). In response to the complaint, Defendants filed a motion to dismiss (Doc. # 22) and a brief in support (Doc. # 23). By Order dated July 15, 2026, Plaintiff was instructed to file a response to the motion to dismiss. (Doc. # 25 ("July 15 Order").) However, on August 5, 2026, mail sent to Plaintiff containing the July 15 Order was returned to the court as undeliverable with the notation, "Return to Sender, No Mail Receptacle, Unable to Forward." (Doc. # 27.)

On August 11, 2026, a second Order was issued, directing that the second Order and the July 15 Order be sent to a different address for the Lowndes County

Jail. (Doc. # 28 ("August 11 Order").) The August 11 Order extended the deadline for Plaintiff to respond to the motion to dismiss to September 1, 2026, and expressly cautioned Plaintiff that his failure to file a timely response would result in dismissal. (*Id.* at 2.) The deadline has passed, and Plaintiff has not responded to the motion to dismiss as directed. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted)

(quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to respond to Defendants' motion to dismiss and thus has failed to comply with the July 15 and August 11 Orders, despite their express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 9th day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE